IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gerald Patrick Lavin, | ) | C/A No.: 1:13-2423-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), by her attorneys, William N. Nettles, United States Attorney for the District of South Carolina, and Barbara M. Bowens, Assistant United States Attorney for said district, has moved this court, pursuant to 42 U.S.C. § 405(g), to enter a judgment with an order of reversal with remand of the cause to the Commissioner for further administrative proceedings. [Entry #12]. The motion represents that Plaintiff's counsel, William B. Jung, consents to the motion. *Id.*

By order of the court, this case is remanded to the Appeals Council. The Appeals Council will direct the Administrative Law Judge ("ALJ") to give further consideration to the treating source opinion evidence of Dr. Stein pursuant to the provisions of 20 C.F.R. § 404.1527 and Social Security Rulings ("SSR") 96-2p and 96-5p, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request Dr. Stein to provide additional evidence and/or further clarification of the opinion evidence and a medical source statement about what the claimant can still do despite the impairments.

The ALJ may enlist the aid and cooperation of the claimant's representative in developing evidence from Dr. Stein.

The Appeals Council will also direct the ALJ to re-evaluate Plaintiff's ability to perform his past relevant work as an investigator at step four of the sequential evaluation process in accordance with SSR 82-61 and SSR 82-62.  The ALJ will further obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (SSR 83-14).  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole.  The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. § 416.966).  In addition, before relying on the vocational expert evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the *Dictionary of Occupational Titles* and its companion publication, the *Selected Characteristics of Occupations* (SSR 00-4p).

Pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request for remand of this action for further proceedings, this court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further administrative proceedings as set out above.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).  The Clerk of Court is directed to enter a separate judgment pursuant to the Fed. R. Civ. P. 58.

    IT IS SO ORDERED.

April 22, 2014                                Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge